UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

STEPHANIE M. WAGNER )
5023 Fitch Place, NE )
Washington, D.C. 20019, )
 )
MARCUS BRADLEY, a minor, by and )
through his mother and next friend )
STEPHANIE M. WAGNER )
5023 Fitch Place, NE )
Washington, D.C. 20019, )
 )
                    Plaintiffs, )  **CASE NUMBER   1:02CV00965**
 )
               v. )  **JUDGE: John Garrett Penn**
 )
 )  **DECK TYPE: Civil Rights (non-employment**
THE DISTRICT OF COLUMBIA )
A Municipal Corporation )  **DATE STAMP: 05/16/2002**
1350 Pennsylvania Avenue, NW )
Washington, D.C. 20004, )
 )
Serve on: )
 )
     The Honorable Anthony Williams )
     Mayor, District of Columbia )
     1350 Pennsylvania Avenue, NW )
     Washington, D.C. 20004, and )
 )
     Robert Rigsby, Esquire )
     Corporation Counsel )
     District of Columbia )
     1350 Pennsylvania Avenue, NW )
     Suite 409 )
     Washington, D.C. 20004. )
 )
ODIE WASHINGTON )
Individually and Officially as )
Director, District of Columbia )
Department of Corrections )
1923 Vermont Avenue, NW )
Washington, D.C. 20001, )
 )

**FILED**

**MAY 1 6 2002**

CLERK

PATRICIA BRITTON-JACKSON          )
Individually and Officially as    )
Warden, D.C. Detention Facility   )
1923 Vermont Street, NW           )
Washington, D.C. 20001,           )
                                  )
PAUL VANCE, Ph.D.                 )
Individually and Officially as    )
Superintendent of Schools         )
District of Columbia Public Schools)
825 North Capitol Street, NW      )
9th Floor                         )
Washington, D.C. 20002,           )
                                  )
VERA WHITE                        )
Individually and Officially as    )
Assistant Superintendent of Schools)
District of Columbia Public Schools)
825 North Capitol Street, NW      )
9th Floor                         )
Washington, D.C. 20002,           )
                                  )
DIANE BROWN                       )
Individually and Officially as    )
Principal                         )
W. Bruce Evans Middle School      )
5600 East Capitol Street, NE      )
Washington, D.C. 20002,           )
                                  )
TERRENCE BARKER                   )
Individually and Officially as    )
Teacher                           )
W. Bruce Evans Middle School      )
5600 East Capital Street, NE      )
Washington, D.C. 20002,           )
                                  )
DOROTHY SHEPHERD                  )
Individually and Officially as    )
Coordinator                       )
W. Bruce Evans Middle School      )
5600 East Capitol Street, NE      )
Washington, D.C. 20002, and       )
                                  )

```
JEROME WEST                          )
DEXTER ALLEN                         )
KARL WHITE                           )
Individually and Officially as       )
Corrections Officers                 )
D.C. Department of Corrections       )
1923 Vermont Street, NW              )
Washington, D.C. 20001,              )
                                     )
              Defendants.            )
_____)
```

## COMPLAINT

### INTRODUCTION

1. This is an action for money damages by Marcus Bradley, a
minor, by and through his mother and next friend, Stephanie
Wagner, and Stephanie Wagner against the District of Columbia and
several of its employees, for committing acts, under color of
law, which deprived Plaintiffs of rights secured under the
Constitution and laws of the United States and the District of
Columbia; and for refusing or neglecting to prevent such
deprivations and denials to Plaintiffs.  Plaintiffs allege that
Defendants Vera White, Patricia Britton-Jackson, Diane Brown, and
other employees (Defendant employees), among others, unlawfully
conspired to violated rights secured to Marcus Bradley under the
Constitution of the United States.  Plaintiffs also allege that
Defendant employees, among other, searched and seized Marcus
Bradley in violation of his constitutional rights.  Plaintiffs

-3-

also allege, among others, that Defendant employees falsely

arrested and falsely imprisoned, intentionally inflicted

emotional distress, and assaulted and battered Marcus Bradley.

Plaintiffs' also allege that Defendants Odie Washington, Paul

Vance, and others, in deliberate indifference to the rights of

citizens, failed to train, supervise, control, and discipline

Defendants Vera White, Patricia Britton-Jackson, Diane Brown, and

others, and said failure caused the deprivation of Marcus

Bradley's rights under the Constitution and laws of the United

States.  Plaintiffs finally allege that Defendant District of

Columbia, with deliberate indifference to the rights of citizens,

failed to train, supervise, and control, and discipline

Defendants Washington, Vance, V. White, Brown, and others, and

said failure was the result of official policy, or the custom,

practice, of the District of Columbia, and that said conduct or

omission caused the deprivation of right secured to Marcus

Bradley under the Constitution and laws of the United States and

the District of Columbia.  Plaintiffs bring this action pursuant

to the Fourth, Fifth, Ninth, and Fourteenth Amendments to the

Constitution of the United States, 42 U.S.C. §§ 1981 through

1988, and the laws of the District of Columbia.

## JURISDICTION AND VENUE

2.  The court has jurisdiction over Plaintiffs'

-4-

Constitutional claims pursuant to 28 U.S.C. §§ 1331 and 1343. The court further has jurisdiction over Plaintiffs' Constitutional claims pursuant to 42 U.S.C. §§ 1983 and 1988 and pursuant to the Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States. The court also has pendent jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in the District of Columbia.   Each claim for relief arose in the District of Columbia.

PARTIES

4.   At all times relevant to this Complaint, Plaintiff, Marcus Bradley, a minor child, was a resident of the District of Columbia and a student at W. Bruce Evans Middle School, a District of Columbia Public School.

5.   At all times relevant, Plaintiff, Stephanie M. Wagner (hereinafter, "Ms. Wagner"), was a resident of the District of Columbia and the mother and next friend to Marcus Bradley, a minor child.

6.   At all times relevant, Defendant District of Columbia was a municipal corporation.

7.   At all times relevant, Defendant Paul Vance, Ph.D., ("Vance") served as the Superintendent of Schools, District of Columbia Public Schools, an agency of Defendant District of

-5-

Columbia.  At all times relevant, Defendant Vance was charged

with the duty to manage and operate the District of Columbia

Public Schools, including the training, supervision, and control

of Defendants Vera White, Diane Brown, Terrence Barker, and

Dorothy Shepherd; acted under the direction and control of

Defendant District of Columbia; and acted pursuant to either

official policy, or the custom, practice and usage of Defendant

District of Columbia.

8.  At all times relevant, Defendant Vera White ("V. White")

served as Assistant Superintendent of Schools, District of

Columbia Public Schools and assisted Defendant Vance in the

management and operation of D.C. Public Schools.  At all times

relevant, Defendant V. White acted under the direction and

control of Defendant District of Columbia and Defendant Vance;

and acted pursuant to either official policy, or the custom,

practice, and usage of Defendant District of Columbia.  Defendant

V. White had a duty to supervise, train, and control Defendants

Diane Brown, Terrence Barker, and Dorothy Shepherd.

9.  At all times relevant hereto, Defendant Diane Brown

("Brown"), served as Principal, W. Bruce Evans Middle School, a

unit of the District of Columbia Public Schools.  Defendant Brown

had a duty to supervise, train, and control Defendants Terrence

Barker and Dorothy Shepherd.  At all times relevant, Defendant

-6-

Brown acted under the direction and control of Defendant District

of Columbia, Defendant Vance, and Defendant V. White; and acted

pursuant to either official policy, or the custom, practice, and

usage of Defendant District of Columbia.

10.  At all times relevant, Defendants Terrence Barker

("Barker") and Dorothy Shepherd ("Shepherd") served as Physical

Education teacher and In-School Suspension Coordinator,

respectively, at W. Bruce Evans Middle School.  At all times

relevant, Defendants Barker and Shepherd acted under the

direction and control of Defendant District of Columbia,

Defendant Vance, Defendant V. White, and Defendant Brown; and·

acted pursuant to either official policy, or the custom,

practice, and usage of Defendant District of Columbia.

11.  At all times relevant hereto, District of Columbia

Department of Corrections was an agency of Defendant District of

Columbia.

12.  At all times relevant, Defendant Odie Washington,

served as Director, District of Columbia Department of

Corrections (Department of Corrections), an agency of Defendant

District of Columbia.  The Department of Corrections operated the

District of Columbia Detention Facility ("District of Columbia

Jail" or "D.C. Jail").  At all times relevant, Odie Washington

had a duty to train, supervise, and control Defendants Patricia

-7-

Britton-Jackson, Jerome West, Dexter Allen, and Karl White; acted
under the direction and control of Defendant District of
Columbia; and acted pursuant to either official policy, or the
custom, practice, and usage of Defendant District of Columbia.

13. At all times relevant, Defendant Britton-Jackson,
served as Warden of the District of Columbia Jail and was
responsible for the day to day operation of the District of
Columbia Jail. At all times relevant, Defendant Britton-Jackson
acted under the direction and control of Defendant District of
Columbia and Defendant Washington; and acted pursuant to either
official policy, or the custom, practice, and usage of Defendant
District of Columbia. Defendant Britton-Jackson had the duty to
train, supervise, and control corrections officers assigned to
D.C. Jail, including Defendants West, Allen, and K. White.

14. At all times relevant, Defendants Jerome West, Dexter
Allen, and Karl White (collectively, "Corrections Officers" or
"Officers") were employees of Defendant District of Columbia;
were corrections officers assigned to the District of Columbia
Jail; and were under the direct control of Defendant Britton-
Jackson. At all times relevant, Defendants West, Allen, and Karl
White acted under the direction and control of Defendant District
of Columbia, Defendant Washington, and Defendant Britton-Jackson;
and acted pursuant to either official policy, or the custom,

-8-

practice, and usage of the District of Columbia.

15.   At all times relevant hereto and in all their actions,
Defendants Odie Washington, Paul Vance, Vera White, Patricia
Britton-Jackson, Diane Brown, Terrence Barker, Dorothy Shepherd,
Jerome West, Dexter Allen, and Karl White acted under color of
law and pursuant to their authority as employees of Defendant
District of Columbia.   Plaintiff brings this action against each
defendant in their individual and official capacities.

FACTS

16.   Prior to May 2001, Defendants Vance, Defendant V.
White, and Defendant Diane Brown, along with Defendant
Washington, Defendant Britton-Jackson, approved a plan for public
school-sponsored tours of the District of Columbia Jail for
Middle School students.

17.   According to this plan, teachers or other public school
staff would take Middle School children on tours of D.C. Jail
and, together with corrections officers, cause the children to
undergo humiliating strip-searches so that the children would
experience what "would happen if they got arrested."

18.   Upon information and belief, Defendant Brown, along
with Defendants Vance and White, devised a criteria for selection
of children for the tour of D.C. Jail.   Upon information and
belief, at the Evans Middle School, Defendants Brown, Barker, and

-9-

Shepherd chose some children to attend the tour, while others could opt to attend the tour. Nevertheless, the entire tour was voluntary. Marcus Bradley was one of the volunteers.

19. To implement this plan, Defendant Brown selected and directed Defendant Shepherd and Defendant Barker to accompany the children on the tour of D.C. Jail scheduled for May 17, 2001.

20. Prior to the tour, Defendants Brown, Shepherd, and Barker sought the consent and approval of each student's parent(s) for the tour. To facilitate the consent of parents, Defendants Brown, Shepherd, and Barker provided each parent or parents with a blank pre-printed consent form for parent(s) to sign. There was no language in the blank pre-printed form advising parents that during the children's tour of D.C. Jail, Defendant District of Columbia and its Defendant employees would subject the children to a strip-search and other constitutional or state law violations.

21. Upon information and belief, Defendant District of Columbia and its Defendant employees, including Defendants Brown, Shepherd, and Barker, did not obtain an executed consent form from Ms. Wagner to permit Defendants to take Marcus Bradley, 13, on the tour of D.C. Jail on May 17, 2001.

22. On the morning of May 17, 2001, Defendants Shepherd and Barker, in a Defendant District of Columbia bus escorted Marcus

-10-

Bradley and approximately eleven other male children between 13 and 14 years old to D.C. Jail. The bus, owned and operated by Defendant District of Columbia, arrived at D.C. Jail at approximately 9:00 a.m.

23. Prior to entering D.C. Jail, the Evans Middle School group, including Marcus Bradley and his schoolmates, Defendants Shepherd and Barker, and the driver of the van, went through the metal detectors and were otherwise subjected to the standard and established security procedures used for visitors to D.C. Jail.

24. Once inside the D.C. Jail, Defendant Patricia Britton-Jackson, the Warden, met Defendants Shepherd and Barker who introduced Defendant Britton-Jackson to the children.

25. Defendant Britton-Jackson, in an introductory speech, told the children that corrections officers must strip-search everyone who entered D.C. Jail. Subsequently, Defendant Britton-Jackson told the children that corrections officers must strip search them.

26. Under the direction of Defendant Britton-Jackson, Correction Officers Jerome West, Dexter Allen, and Karl White (collectively, "Officers") escorted the children further into the jail and then into a room. While Defendant Barker and the driver of the school bus watched, the Officers ordered the children into a cell and detained them. Marcus Bradley did not believe that he

-11-

was free to leave the cell, and the Officers would not permit him to leave.

27.   The Officers then ordered the children, including Marcus Bradley, into another part of the jail.  While there, as a demonstration to the children, the Officers ordered an adult inmate to undergo a humiliating strip-search in the presence of the children, other inmates, and other corrections officers.

28.   During the demonstrative strip-search, many of the children, including Marcus Bradley, looked away, but the Officers threatened that if the children did not watch the strip-search, the Officers would immediately force them to undergo a strip-search.  Hence, the children watched the Officers strip- search of an adult inmate.

29.   After the adult inmate's strip-search, the Officers informed the children that it was their turn.  While Evans Middle School Staff watched and laughed, the Officers ordered Marcus Bradley and the other children to completely undress themselves.

30.   The children protested, stating they did not wish to undress and did not wish to undergo the strip-search.  The Officers ignored the children's protests and threatened that if they did not submit to the strip-search, they would not permit them to leave D.C. Jail.

31.   When the children continued to refuse to strip naked,

-12-

the Officers decided to make an example of one child.  While

Marcus Bradley and the other children watched, the Officers,

along with Defendant Mr. Barker, selected one student as an

example for the others.  While several inmates watched, the

Officers and Defendant Barker forcibly grabbed one child and

placed him on a table.  The Officers then forcibly removed the

child's clothing, forcibly dressed the child in a prison

jumpsuit, and placed the child inside a jail cell with an adult

inmate.  Meanwhile, the child cried and screamed in protest, but

the Officers and Evans Middle School Staff ignored him.

32.  Turning to the other children, the Officers warned

Marcus Bradley (and the remaining eleven children) that if he did

not immediately strip naked, they would forcibly strip him, force

him to put on a prison jumpsuit, and place him inside a jail

cell, and "get one of my [adult] inmates" to "pump" his "butt"

and "tear [his] ass up for a cigarette."

33.  After the Officers threatened Marcus Bradley with

physical and sexual violence by an adult prison inmate if he did

not comply, Marcus Bradley still refused to undress.  The

Officers forcibly removed his clothes.

34.  After the Officers forcibly removed Marcus Bradley's

clothes and while Defendant Barker, the other students, and

several inmates watched, the Officers forced Marcus Bradley to

-13-

stand on a table so that everyone could get a full view of him. After the Officers placed While Marcus Bradley on the table, they forced Marcus Bradley to undergo a complete strip-search.

35.   The Officers forced Marcus Bradley to bend over at his waist, spread his buttocks to reveal his anus, lift his penis and scrotum area, lift his arms, and open his mouth for inspection.

36.   After strip-searching Marcus Bradley, the Officers removed him from the table and ordered him to put on his clothes. Marcus Bradley was the fourth child strip searched.

37.   The tour, which was initially designed to last one hour, lasted approximately two and one-half hours.  At approximately, 11:30 a.m., Marcus Bradley, his fellow students, and Evans Middle School staff/faculty members left D.C. Jail for the school.

38.   When Marcus Bradley returned to the school, the children, including Marcus Bradley complained to Defendant Brown about the strip-search, and Defendant Brown laughed.

39.   Several days after Marcus Bradley's tour and strip search and news of the children's strip-search at D.C. Jail began to surface, Defendants V. White and Brown began to prepare or shore up their defenses.

40.   Defendant V. White learned that Defendant Brown did not obtain a parental consent form for Marcus Bradley to travel to

-14-

and participate in the tour of D.C. Jail, and expressly directed Defendant Brown to obtain a back date parental consent form from Ms. Wagner.

41.   In accordance with that order, approximately one week after Marcus Bradley's unlawful tour of D.C. Jail, Defendant Brown summoned Ms. Wagner, along with other parents, to the school for a meeting.

42.   When Ms. Wagner arrived at the school approximately one week later, while pretending to meet and discuss the unlawful and humiliating strip-search of Ms. Wagner's child at D.C. Jail, Defendants V. White and Brown presented Ms. Wagner with a blank parental consent form for Marcus Bradley's tour of D.C. Jail. Defendants V. White and Brown requested that Ms. Wagner execute the blank parental consent form and that she back-date her parental consent to May 12, 2001, a date prior to the date of the tour.

43.   When news of the tour and the accompanying illegality appeared in the newspapers, Defendant District of Columbia and its Defendant employees defended the children's strip-search on the grounds that the twelve children "had received in-school suspension because of misconduct" and described the children as "a group of misbehaving children."

44.   Upon information and belief and at all times relevant,

-15-

most of the children were not serving in-school suspension.  Upon

information and belief and at all times relevant, many of the

children did not have disciplinary problems in school, and some

of the children had never had any disciplinary problems in

school.

### FEDERAL CAUSES OF ACTION

#### COUNT I
(Fourth Amendment Violations)

45.   Plaintiffs hereby reallege paragraphs 1 through 47 of

this Complaint as though fully set forth here.

46.   The acts and conduct hereinbefore and after alleged

constitute unreasonable searches and seizures prohibited under

the Fourth Amendment to the Constitution of the United States.

47.   Without probable cause or reasonable suspicion that

Marcus Bradley had committed a crime, Defendant employees of the

Defendant District of Columbia forced him to strip naked and to

undergo a humiliating strip-search of the type reserved for

prison inmates.

48.   These acts and omissions engaged in under the color of

state law by Defendant employees of the District of Columbia,

acting as agents of Defendant District of Columbia, deprived

Marcus Bradley of rights secured to him under the Fourth

Amendment to the Constitution of the United States and the laws

-16-

District of Columbia.

49.  As a direct and proximate result of Defendant
employees' conduct, Marcus Bradley was strip-searched, and
Plaintiffs were injured.  Specifically, Marcus Bradley suffered
humiliation, embarrassment, pain, nightmares, headaches,
adjustment problems, mental distress, mental anguish, anxiety,
and insomnia.

50.  As a direct and proximate cause of Defendant employees'
conduct, Plaintiffs have undergone several months of therapy.

51.  As a direct and proximate result of Defendant
employees' wrongful conduct, Ms. Wagner lost the comfort,
society, and consortium of her son, Marcus Bradley, and was
injured thereby.

<u>COUNT II</u>
(Denial of Due Process - Procedural and Substantive)

52.  Plaintiffs hereby reallege paragraphs 1 through 51 of
this Complaint as though fully set forth here.

53.  The acts and conduct hereinbefore and after alleged
constitute a denial of substantive and procedural due process
pursuant to the Fifth and Fourteenth Amendments to the
Constitution of the United States.

54.  As a direct and proximate result of Defendants'
conduct, Marcus Bradley was strip-searched, and Plaintiffs were

-17-

injured. Specifically, Marcus Bradley suffered humiliation, embarrassment, pain, nightmares, headaches, adjustment problems, mental distress, mental anguish, anxiety, and insomnia.

55. As a direct and proximate cause of Defendants' conduct, Plaintiffs have undergone several months of therapy.

56. As a direct and proximate result of Defendants' wrongful conduct, Ms. Wagner lost the comfort, society, and consortium of her son, Marcus Bradley, and was injured thereby.

### COUNT III
### (Denial of Right of Privacy)

57. Plaintiffs hereby reallege paragraphs 1 through 56 of this Complaint as though fully set forth here.

58. The acts and conduct hereinbefore and after alleged constitute a denial of the right of privacy guaranteed to Plaintiffs under the Ninth Amendment to the Constitution of the United States.

59. As a direct and proximate result of Defendants' conduct, Marcus Bradley was strip-searched, and Plaintiffs were injured. Specifically, Marcus Bradley suffered humiliation, embarrassment, pain, nightmares, headaches, adjustment problems, mental distress, mental anguish, anxiety, and insomnia.

60. As a direct and proximate cause of Defendants' conduct, Plaintiffs have undergone several months of therapy.

-18-

61.   As a direct and proximate result of Defendants'
wrongful conduct, Ms. Wagner lost the comfort, society, and
consortium of her son, Marcus Bradley, and was injured thereby.

<u>COUNT IV</u>
(Conspiracy to Violate Civil Rights)

62.   Plaintiff hereby realleges paragraphs 1 through 61 of
this Complaint, as though fully set forth here.

63.   The acts and conduct hereinbefore and after described
constitute conspiracy to deprive Marcus Bradley of right
guaranteed to him under the Fourth, Fifth, Ninth, and Fourteenth
Amendments to the Constitution of the United States by subjecting
him to a humiliating strip-search.

64.   Two or more employees of Defendant District of Columbia
agreed or conspired to inflict a wrong or injury Marcus Bradley,
by subjecting him to a strip-search and to conceal it.

65.   Defendant employees of Defendant District of Columbia
acted in furtherance of the conspiracy when they caused him to
undergo a humiliating strip-search at D.C. Jail.

66.   As a direct and proximate result of Defendant
employees' conspiracy, Marcus Bradley was strip-searched, and
Plaintiff's were injured.

67.   As a direct and proximate cause of Defendants' conduct,
Plaintiffs have undergone several months of therapy.

-19-

68.    As a direct and proximate result of Defendants'
wrongful conduct, Ms. Wagner lost the comfort, society, and
consortium of her son, Marcus Bradley, and was injured thereby.

COUNT V
(Failure to Train, Supervise, and Control)

69.    Plaintiff hereby realleges paragraphs 1 through 68 of
this Complaint, as though fully set forth here.

70.    The acts and conduct hereinbefore and after described
constitute inadequate training, supervision, and control of
subordinates and employees in violation of rights guaranteed to
Marcus Bradley under the Fourth, Fifth, Ninth, and Fourteenth
Amendments to the Constitution of the United States.

71.    Defendants Washington, Vance, V. White, Britton-
Jackson, and Brown (Defendant Officials) each had a duty to
train, supervise, and control subordinates.  Defendant Officials,
with deliberate indifference, knowingly, willfully, or recklessly
failed to train, supervise, or control subordinates.  Defendant
Officials, with deliberate indifference, knowingly, willfully, or
recklessly failed to train, supervise, or control subordinates
who have a history of misbehavior and failed to correct
unconstitutional practices or conditions designed to protect the
citizens of the District of Columbia.

72.    Defendants Britton-Jackson, V. White, and Brown had

-20-

long histories of unconstitutional and illegal conduct and
practices in their respective positions. Defendants Washington
and Vance knew or, in the exercise of due diligence, should have
known of Defendants Britton-Jackson, V. White, and Brown's long
histories of unconstitutional and abuse practices. Defendants
Washington and Vance's failure to train, supervise, and control
subordinates, like Defendants V. White, Britton-Jackson, and
Brown, caused these subordinates to engage in the unlawful
conduct alleged herein.

73. Defendant District of Columbia, as a matter of policy,
practice, and custom, has with deliberate indifference failed to
adequately train or otherwise direct its employees, including
Defendant employees, concerning the rights of citizens.
Defendant District of Columbia's policy, practice, or custom of
deliberate indifference to discipline and training caused
Defendant employees to engage in the unlawful conduct described
above.

74. Defendant District of Columbia, as a matter of policy,
practice, and custom, has with deliberate indifference failed to
properly supervise, sanction, or discipline its employees,
including Defendant employees, for violations of the
Constitutional rights of citizens. Defendant District of
Columbia's policy, practice, or custom of deliberate indifference

-21-

to properly supervise, sanction, or discipline employees proximately caused Defendant employees to engage in the actions described above.

75.  Defendant District of Columbia, as a matter of policy, practice, and custom, and with deliberate indifference, failed to supervise, sanction, or discipline employees, including Defendant employees, who were aware of and subsequently concealed violations of the Constitutional rights of citizens by other employees.  Defendant District of Columbia's policy, practice, or custom of deliberate indifference to supervision, sanctioning, or disciplining employees who were aware of and subsequently concealed or attempted to conceal violations of the Constitutional rights of citizens by other employees proximately caused and encouraged Defendant employees to engage in the unlawful actions described.

76.  Defendant District of Columbia acquiesced to the unconstitutional conduct of its employees by its deliberate indifference to inadequate procedures for handling complaints against employees.  Defendant District of Columbia's acquiescence, by deliberate indifference to inadequate complaint procedures, caused and encouraged employees, including Defendant employees, to engage in the unlawful actions described.

77.  This action is brought against Defendant District of

-22-

Columbia for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and employees.

78.   Defendant District of Columbia knew or should have known that Defendants Washington, Vance, Britton-Jackson, V. White, and Brown, as well as other employees acting at their direction, were inadequately trained, supervised, and controlled to perform the duties of their respective positions.

### STATE CAUSES OF ACTION

### COUNT VI
(Intentional Infliction of Emotional Distress)

79.   Plaintiff hereby realleges paragraphs 1 through 78 of this Complaint, as though fully set forth here.

80.   The acts and conduct hereinbefore and after described constitute intentional infliction of severe emotional distress. Defendants through their Officers and teachers intentionally caused Marcus Bradley to suffer severe and extreme emotional distress.

81.   As a direct and proximate cause of Defendant employees' conduct, Marcus Bradley suffered and still suffers sever and extreme emotional distress and mental anguish.   Marcus Bradley is expected to suffer said damages in the future.

### COUNT VII
(Assault and Battery)

82.   Plaintiff hereby realleges paragraphs 1 through 81 of

-23-

this Complaint, as though fully set forth here.

83. The acts and conduct hereinbefore and after described constitute assault and battery.

84. Defendant employees of Defendant District of Columbia intentionally created in Marcus Bradley an apprehension of harmful and offensive contacts with his person when they threatened him with rape and attempted to touch his person.

85. As a direct and proximate cause of Defendant employees' conduct, Marcus Bradley was frightened and humiliated, causing sever and extreme emotional distress and mental anguish.

86. Defendant employees of Defendant District of Columbia intentionally caused harmful and offensive contacts with Marcus Bradley or intentionally caused an apprehension in Marcus Bradley that such harmful or offensive contacts were imminent when they touched his person.

87. As a direct and proximate cause of Defendant employees' conduct, Marcus Bradley suffered physical and mental pain, humiliation, mental anguish, and anxiety. Marcus Bradley is expected to suffer said damages in the future.

### COUNT VIII
(False Arrest and False Imprisonment)

88. Plaintiff hereby realleges paragraphs 1 through 87 of this Complaint, as though fully set forth here.

-24-

89.   The acts and conduct hereinbefore and after described constitute false arrest and false imprisonment.

90.   Defendant employees of Defendant District of Columbia without probable cause or reasonable suspicion that Marcus Bradley had committed a crime and without a warrant seized the person of Marcus Bradley.

91.   Defendant employees of Defendant District of Columbia, by means of physical barriers or force or by threats of force, which intimidated Marcus Bradley into compliance, detained, seized, restrained, and imprisoned the person of Marcus Bradley.

92.   As a direct and proximate cause of Defendant employees' conduct, Marcus Bradley suffered physical and mental pain, humiliation, mental anguish, and anxiety.  Marcus Bradley is expected to suffer said damages in the future.

## COUNT IX
(Negligent Infliction of Emotional Distress)

93.   Plaintiffs hereby reallege paragraphs 1 through 92 of this Complaint, as though fully set forth here.

94.   The acts and conduct hereinbefore and after described constitute negligent infliction of severe emotional distress. Defendant employees negligently inflicted emotional distress upon Marcus Bradley.

95.   As a direct and proximate cause of Defendant employees'

conduct, Marcus Bradley suffered and still suffers sever and extreme emotional distress and mental anguish. Marcus Bradley is expected to suffer said damages in the future.

### COUNT X
### (Loss of Consortium)

96.    Plaintiffs hereby reallege paragraphs 1 through 95 of this Complaint, as though fully set forth here.

97.    The acts and conduct hereinbefore and after described constitute negligent infliction of severe emotional distress. Defendant employees negligently inflicted emotional distress upon Marcus Bradley.

98.    As a direct and proximate result of Defendants' wrongful conduct and negligence, Ms. Wagner lost the comfort, society, and consortium of her son, Marcus Bradley, and was thereby injured.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Marcus Bradley and Stephanie Wagner, demand judgment, jointly and severally, against Defendants Vance, Washington, V. White, Britton-Jackson, Brown, Barker, Shepherd, West, Allen, and K. White:

a.    Compensatory damages in the amount of $10,000,000.00;

b.    Punitive Damages to the maximum extent allowed under the law;

-26-

c.    Attorney's fees and costs; and

d.    Such other and further relief as the court may deem appropriate.

WHEREFORE, Plaintiffs, Marcus Bradley and Stephanie Wagner, demand judgment, jointly and severally with Defendant employees, against Defendant District of Columbia:

a.    Compensatory damages in the amount of $10,000,000.00;

b.    Attorney's fees and costs; and

c.    Such other and further relief as the court may deem appropriate.

Respectfully submitted,

Chukwuma Odelugo, #425238
ODELUGO & ASSOCIATES, P.L.L.C.
Attorneys for Plaintiffs
1516 U Street, NW
First Floor
Washington, D.C. 20009
202-332-1600

## JURY DEMAND

Plaintiffs hereby demand a trial by the maximum number of jurors allowed on all issues of fact presented herein.

_____
Chukwuma Odelugo